RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Proposed Counsel for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PACHANGA, INC., | : | Case No.: 18-12767 |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COROSSOL FIKA TOWER LLC, | : | Case No.: 18-12768 |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COROSSOL LLC, | : | Case No.: 18-12769 |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COROSSOL TRIBECA LLC, | : | Case No.: 18-12770 |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIKA 41 W 58TH STREET LLC, | : | Case No.: 18-12771 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIKA 66 PEARL STREET LLC, | : | Case No.: 18-12772 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIKA 141 W 41ST STREET LLC, | : | Case No.: 18-12773 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIKA 157 7TH AVENUE LLC, | : | Case No.: 18-12774 |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIKA 824 10TH AVE LLC, | : | Case No.: 18-12775 |
| Debtor. | : | |

```
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
FIKA CATERING LLC,                  :   Case No.: 18-12776
                                    :
            Debtor.                 :
------------------------------------x
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
FIKA ESPRESSO BARS LLC,             :   Case No.: 18-12777
                                    :
            Debtor.                 :
------------------------------------x
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
FIKA TRIBECA LLC,                   :   Case No.: 18-12778
                                    :
            Debtor.                 :
------------------------------------x
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
FIKA WEB ORDERS LLC,                :   Case No.: 18-12779
                                    :
            Debtor.                 :
------------------------------------x
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
MILA SOLUTIONS LLC,                 :   Case No.: 18-12780
                                    :
            Debtor.                 :
------------------------------------x
```

## DEBTORS' MOTION FOR ORDER DIRECTING
## JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Pachanga, Inc. (together with its above-captioned affiliated debtors and debtors in possession, the "Debtors"), the debtors and debtors in possession herein, by their proposed counsel, Rubin LLC, as and for their motion (the "Motion") for entry of an order substantially in the form annexed hereto as Exhibit "A", directing joint administration of the Debtors' chapter 11 cases, respectfully represents as follows:

### INTRODUCTION

1. On September 14, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court, and orders for relief under section 301 of the Bankruptcy Code were entered in these cases (the "Chapter 11 Cases").

2. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Cases.

### BACKGROUND

4. The Debtors, doing business under the trade name FIKA, are owner/operators of specialty espresso bars and restaurants in New York City, as well as an award-winning chocolate operation. The Debtors currently operate espresso bars at six locations, a bakery and kitchen on 10th Avenue, a chocolate factory in Tribeca, and conduct catering and e-commerce businesses as well.

5.       Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Affidavit of Lars Akerlund Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Motions and Applications (the "<u>1007 Affidavit</u>") filed on the Petition Date, and incorporated herein by reference.

## JURISDICTION

6.       Pursuant to 28 U.S.C. § 1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>").

## RELIEF REQUESTED

7.       Bankruptcy Rule 1015(b) provides:

> **Cases Involving Two or More Related Debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

FED. R. BANKR. P. 1015(b).

8.       The Debtors in these proceedings are affiliated and related, but independent, entities. The Debtor Pachanga, Inc. is the ultimate parent of all of the remaining Debtors. Thus, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

9.       The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Indeed, the Debtors

anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect all of the Debtors.

10. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties-in-interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties-in-interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

11. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. All creditors and other parties-in-interest will maintain whatever claims or rights they have against the Debtors' estates.

12. Section 101(2)(B) of the Bankruptcy Code defines an affiliate as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(B).

13. Inasmuch as the Debtors' businesses are interrelated, they believe that their best interests would be served by an order of joint administration entered in their respective Chapter 11 Cases in accordance with Bankruptcy Rule 1015(b). The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities. Moreover, each creditor may

6

still file its claim against a particular estate. In fact, the creditors will be enhanced by joint administration of the Chapter 11 Cases. Entry of such an order will clearly result in reduced costs of administration, will facilitate administration of the Debtors' respective Chapter 11 Cases and will eliminate duplicative filings with the Court of various administrative and substantive pleadings, applications and motions, relieving the burden on the Court and Office of the United States Trustee as well.

14. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. The Advisory Committee Note to Rule 1015 states:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the list of filed claims, the combining of notices to creditors of the different estates and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

15. In this regard, the Debtors request that the caption of their Chapter 11 Cases should be modified to reflect the joint administration of these Chapter 11 Cases as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PACHANGA, INC., *et al.*, | Case No.: 18-[    ] |
| Debtors. | |

16. The Debtors submit that use of this simplified caption, without reference to their respective states of incorporation and tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

17. The Debtors further seek the Court's direction that a notation substantially similar to that below be made on the case dockets of each of the Debtors' Chapter 11 Cases to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case consolidating this case with the case of Pachanga, Inc., Case No. 18-[ ], for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-[ ] should be consulted for all matters affecting this case.

18. Additionally, the Debtors seek authority to file, where necessary, monthly operating reports on a consolidating basis as required by the Office of the United States Trustee if, in the Debtors' sole determination, after consultation with the U.S. Trustee, their pre-petition secured lenders, and the creditors' committee (if a committee is appointed and chooses to serve in the Chapter 11 Cases) such consolidation of reports would be in the best interests of administrative economy and efficiency and would accurately reflect the Debtors' consolidated business operations and financial affairs.

## **NOTICE**

19. Notice of this Motion has been provided to (i) the Office of the United States Trustee, (ii) the attorneys for the Debtors' pre-petition secured lender, and (iii) the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis by CM/ECF, facsimile, e-mail, telephone, or overnight courier. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

20. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, in the form attached hereto, granting the relief requested herein, and grant such further relief as this Court may deem just and proper.

8

Dated: New York, New York
September 14, 2018

                                  RUBIN LLC

                                  By: */s/ Paul A. Rubin*
                                           Paul A. Rubin
                                           Hanh V. Huynh

                                345 Seventh Avenue, 21st Floor
                                New York, New York 10001
                                Tel: 212.390.8054
                                Fax: 212.390.8064
                                prubin@rubinlawllc.com
                                hhuynh@rubinlawllc.com

# EXHIBIT A

# (PROPOSED ORDER)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
: 
In re: : Chapter 11
:
PACHANGA, INC., : Case No.: 18-[    ]
:
        Debtor. :
---------------------------------------- x
---------------------------------------- x
:
In re: : Chapter 11
:
COROSSOL FIKA TOWER LLC, : Case No.: 18-[    ]
:
        Debtor. :
---------------------------------------- x
---------------------------------------- x
:
In re: : Chapter 11
:
COROSSOL LLC, : Case No.: 18-[    ]
:
        Debtor. :
---------------------------------------- x
---------------------------------------- x
:
In re: : Chapter 11
:
COROSSOL TRIBECA LLC, : Case No.: 18-[    ]
:
        Debtor. :
---------------------------------------- x
---------------------------------------- x
:
In re: : Chapter 11
:
FIKA 41 W 58TH STREET LLC, : Case No.: 18-[    ]
:
        Debtor. :
---------------------------------------- x
---------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| FIKA 66 PEARL STREET LLC, | : | |
| | : | |
| Debtor. | : | |
| ------------------------------------ x | | |

| | | |
|---|---|---|
| ------------------------------------ x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| FIKA 141 W 41ST STREET LLC, | : | Case No.: 18-[    ] |
| | : | |
| Debtor. | : | |
| ------------------------------------ x | | |

| | | |
|---|---|---|
| ------------------------------------ x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| FIKA 157 7TH AVENUE LLC, | : | Case No.: 18-[    ] |
| | : | |
| Debtor. | : | |
| ------------------------------------ x | | |

| | | |
|---|---|---|
| ------------------------------------ x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| FIKA 824 10TH AVE LLC, | : | Case No.: 18-[    ] |
| | : | |
| Debtor. | : | |
| ------------------------------------ x | | |

| | | |
|---|---|---|
| ------------------------------------ x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| FIKA CATERING LLC, | : | Case No.: 18-[    ] |
| | : | |
| Debtor. | : | |
| ------------------------------------ x | | |

```
------------------------------------x
                                    :
In re:                              :  Chapter 11
                                    :
FIKA ESPRESSO BARS LLC,             :  Case No.: 18-[    ]
                                    :
         Debtor.                    :
------------------------------------x
------------------------------------x
                                    :
In re:                              :  Chapter 11
                                    :
FIKA TRIBECA LLC,                   :  Case No.: 18-[    ]
                                    :
         Debtor.                    :
------------------------------------x
------------------------------------x
                                    :
In re:                              :  Chapter 11
                                    :
FIKA WEB ORDERS LLC,                :  Case No.: 18-[    ]
                                    :
         Debtor.                    :
------------------------------------x
------------------------------------x
                                    :
In re:                              :  Chapter 11
                                    :
MILA SOLUTIONS LLC,                 :  Case No.: 18-[    ]
                                    :
         Debtor.                    :
------------------------------------x
```

**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES**

Upon the joint motion (the "Motion") of Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), debtors and debtors in possession, for an order of joint administration of the above Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and it appearing that proper and adequate notice of the Motion has been provided; and due deliberation having been had; and sufficient cause appearing to therefor; it is

3

**ORDERED**, that the Debtors' Chapter 11 Cases be, and they hereby are, consolidated for purposes of administration only pursuant to Bankruptcy Rule 1015(b); and it is further

**ORDERED**, that the caption for such cases as consolidated under the terms hereof shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PACHANGA, INC., *et al.*, | Case No.: 18-[   ] |
| Debtors. | |

; and it is further

**ORDERED**, that entries shall be made by the Clerk of the Court on the original dockets of each of the Debtors' cases substantially as follows:

> An order has been entered in this case consolidating this case with the case of Pachanga, Inc., Case No. 18-[   ], for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-[  ] should be consulted for all matters affecting this case.

and it is further

**ORDERED**, that the Debtors may file a single monthly operating report as required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) for the jointly administered debtors. However, the monthly operating report shall be filed on a consolidating (not consolidated) basis. The report shall contain on a consolidating basis the information required for each debtor that tracks and breaks out all of the specific information, e.g. receipts,

4

disbursements, profit and loss statements, balance sheets and other required information on a debtor-by-debtor basis; and it further

**ORDERED**, nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases.

Dated: New York, New York
       September ___, 2018

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE