**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re:                                          :    Chapter 11
                                                :
PACHANGA, INC., *et al.*,[1]                    :    Case No.:  18-12767 (MEW)
                                                :    (Jointly Administered)
                        Debtors.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING (a) BIDDING PROCEDURES IN CONNECTION WITH SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (b) PROCEDURES FOR
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (c) FORM AND MANNER OF NOTICE OF SALE HEARING**

Upon the portion of the motion (the "Motion")[2] of Pachanga, Inc. and its affiliated debtors

and debtors in possession (collectively, the "Debtors"), for entry of an order approving and

authorizing a) bidding procedures in connection with the sale of substantially all of the Debtors'

assets, (b) procedures for assumption and assignment of executory contracts, and (c) the form and

manner of notice of the hearing to approve the sale, pursuant to sections 105(a), 363 and 365 of

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2002-1, 6004-1, 6006-1,

and 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Bankruptcy Rules") and the Amended Guidelines for the Conduct of Asset Sales established and

adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to

General Order M-383 (the "Sale Guidelines"); and this Court having jurisdiction over this matter

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol
Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th
Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web
Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue
LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors
corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion (other
than the term "Order," which shall refer to this document).

pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding

pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on October 9, 2018 (the

"Hearing"); and this Court having reviewed the Motion and exhibits thereto and the arguments of

counsel made and the evidence proffered or adduced, as applicable, at the Hearing; and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and this Court having found that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

parties-in-interest; and this Court having found that the form and manner of notice of the Hearing

was good, sufficient, and appropriate under the circumstances and that no other or further notice

need be provided or is necessary; and after due deliberation and sufficient cause appearing therefor,

The Court FINDS AND DETERMINES THAT:

A.    Bidding Procedures.  The Debtors have articulated good and sufficient reasons for

authorizing and approving the Bidding Procedures annexed hereto as **Exhibit 1** (the "Bidding

Procedures"), which are fair, reasonable and appropriate under the circumstances and designed to

maximize recovery on, and realize the value of, the Assets.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is granted to the extent set forth herein, and the Bidding Procedures

and the Assumption Procedures are approved as set forth herein.

2.    The Sale Hearing will be held on November 16, 2018, at 10:00 a.m. (EST), before

the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

The Sale Hearing may be adjourned by this Court or the Debtors from time to time by notice of

adjournment on the docket in these cases.  If the Sale Hearing is adjourned, the Sale Objection

Deadline shall be extended to a date that is two (2) days prior to the rescheduled Sale Hearing.

3.        Except for objections regarding the conduct of the Auction, which may be raised

orally at the Sale Hearing, the Sale Objection Deadline shall be November 9, 2018 at 4:00 p.m.

(EST), subject to this date being extended by virtue of adjournment of the Sale Hearing as set forth

in paragraph 2 above.  Objections, if any, must (i) be in writing; (ii) conform to the applicable

provisions of the Bankruptcy Rules and the Local Bankruptcy Rules; (iii) state with particularity

the legal and factual bases for the objection and the specific grounds therefor; and (iv) be filed

with this Court and served so as to be actually received no later than the Sale Objection Deadline

by the following parties (the "Objection Notice Parties"):

> Counsel for the Debtors:  Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY
> 10001 (Attn.:  Paul A. Rubin)
>
> The U.S. Trustee:  Office of the United States Trustee, 201 Varick Street, Room 1006, New
> York, NY 10014 (Attn.: Serene Nakano)
>
> Counsel for the Stalking Horse Bidder:  Cozen O'Conner, 277 Park Avenue, New York,
> NY 10172 (Attn.: Erik Schmidt)

***The failure to timely object in accordance with this Order shall forever bar the assertion***

***of any objection to the Motion, entry of the Sale Order and/or consummation of the Sale,***

***including the assumption and assignment of contracts and leases to the Successful Bidder***

***pursuant to the APA or other APA negotiated with the Successful Bidder at the Auction.***

4.        The following dates and deadlines regarding competitive bidding are established

(subject to modification as needed):

> a.        The Bid Deadline shall be at 9:00 a.m. (EST) on November 12, 2018.
>
> b.        The Auction, if any, shall take place at 11:00 a.m. (EST) on November 14,

2018, at the offices of Rubin, LLC, 345 Seventh Avenue, 21st Floor, New York, NY, or such later

time or other place as the Debtors shall timely notify all Qualified Bidders following consultation with the Consulting Parties.

5.      The Bidding Procedures, substantially in the form annexed hereto as **Exhibit 1** and incorporated by reference as though fully set forth herein, are hereby approved to the extent set forth herein.  The Bidding Procedures shall govern the submission, receipt and analysis of all bids relating to the proposed Sale, and any party desiring to submit a higher or better offer for the Assets shall do so strictly in accordance with the terms of the Bidding Procedures and this Order.  In the event of any inconsistency between the Bidding Procedures or the APA and this Order, the terms of this Order shall control.

6.      If one or more Qualified Bids are timely received from a Qualified Bidder(s) in accordance with the Bidding Procedures, the Debtors shall conduct the Auction as set forth herein.

7.      As set forth in the Bidding Procedures, if the Debtors do not receive any Qualified Bids other than from the Stalking Horse Bidder or if no Qualified Bidder other than the Stalking Horse Bidder indicates its intent to participate in the Auction, the Debtors will not hold the Auction, the Stalking Horse Bidder will be named the Successful Bidder, and the Debtors will seek approval of the APA with the Stalking Horse Bidder at the Sale Hearing.

8.      If the Auction is conducted, each Qualified Bidder participating in the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding process or the Sale.  The Auction will be conducted openly and shall be transcribed or videotaped.

9.      The Assumption and Assignment Notice, substantially in the form annexed hereto as **Exhibit 2**, is hereby approved.  As soon as practicable, the Debtors shall serve an Assumption and Assignment Notice by first class mail on all non-debtor counterparties to executory contracts or unexpired leases.  The Assumption and Assignment Notice will identify the Stalking Horse

4

Bidder, and inform each recipient that the Debtors have agreed to sell the Assets to the Stalking Horse Bidder pursuant to the APA, and that, as part of the Sale, the counterparty's respective executory contract or lease may be either (i) assumed and assigned or (ii) rejected.

10.     The Sale Notice, substantially in the form annexed hereto as **Exhibit 3**, is hereby approved.  Within three (3) calendar days of entry of this Order, the Debtors shall cause the Sale Notice to be served upon the following parties: (i) all known creditors of the Debtors, (ii) any parties who have expressed a written interest in the Assets, (iii) any parties who are known or reasonably believed to have asserted any lien, claim, interest, or encumbrance in the Assets, (iv) all affected federal, state, and local regulatory and taxing authorities, and (v) all parties to executory contracts and unexpired leases to be assumed and assigned as part of the Sale.

11.     The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

12.     This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from, based upon, or related to this Order.

Dated: New York, New York
          October 10, 2018

**s/Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**
**(Bidding Procedures)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
In re:                                      :    Chapter 11
                                            :
PACHANGA, INC., *et al.*,[1]                :    Case No.: 18-12767 (MEW)
                                            :    (Jointly Administered)
                            Debtors.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**BIDDING PROCEDURES FOR THE SUBMISSION,
RECEIPT AND ANALYSIS OF BIDS IN CONNECTION WITH THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

These Bidding Procedures ("Bidding Procedures") have been approved by the United States Bankruptcy Court for the Southern District of New York (the "Court") in connection with the above-captioned cases of Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to the *Order Approving (A) Bidding Procedures in Connection with Sale of Substantially All of the Debtors' Assets, (B) Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Form and Manner of Notice of Sale Hearing* entered by the Court on October [   ], 2018 (the "Bidding Procedures Order").

These Bidding Procedures set forth the process by which the Debtors are authorized to conduct the sale (the "Sale") by auction (the "Auction") of substantially all of their assets (the "Assets") pursuant to an asset purchase agreement (the "APA") with FIKA Acquisitions LLC (the "Stalking Horse Bidder").

> Copies of the Bidding Procedures Order, APA or other documents related thereto are available upon request to the Debtors' counsel by submitting a request to the following person:  Hanh Huynh, Esq., Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001, hhuynh@rubinlawllc.com.

A.    **Assets to be Sold**

These Bidding Procedures set forth the terms by which prospective bidders, if any, may qualify for and participate in the Auction, thereby competing to make the highest or otherwise best offer for the Assets, as identified in greater detail and defined in the APA.  The assets to be sold are substantially all of the assets of the Debtors.  The Assets will be sold free and clear of all liens, claims, interests, and encumbrances, other than permitted encumbrances.

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

**B.      Participation Requirements**

To participate in the bidding process or otherwise be considered for any purpose hereunder, a party interested in purchasing the Assets (a "<u>Potential Bidder</u>") must deliver to the Debtors and SSG (the "<u>Consulting Parties</u>") at the contact information set forth in Section F below, the following documents (the "<u>Preliminary Bid Documents</u>"):

      a.      an executed non-disclosure agreement (an "<u>NDA</u>") reasonably acceptable to the Debtors; and

      b.      preliminary proof by the Potential Bidder of its financial capacity to close a proposed transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of acquiring the Assets, the party that will bear liability for a breach), the adequacy of which the Consulting Parties will determine.   Any dispute over a determination by the Consulting Parties may be presented to the Court and will be resolved by the Court.

The Consulting Parties will not share any Preliminary Bid Documents with other Potential Bidders or the Stalking Horse Bidder.

The Debtors, in consultation with the Consulting Parties, shall determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents so that the Potential Bidder may conduct a due diligence review with respect to the Debtors.  Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents (each, a "<u>Qualified Bidder</u>") may submit bids to purchase the Assets.

**C.      Obtaining Due Diligence Access**

After receipt of an executed NDA and notification of Qualified Bidder status, the Debtors shall provide each Qualified Bidder reasonable due diligence information, as requested, including without limitation access to the Debtors' electronic data room, as soon as reasonably practicable after such request.  The Debtors may, at their discretion, provide such due diligence information to any party who has executed an NDA and who is working in good faith to become a Qualified Bidder.  If the Debtors give any information to any Qualified Bidder that is not already in the data room, the Debtors may, at their discretion, promptly post such information to the data room.

The Consulting Parties shall be provided access to the Debtors' electronic data room, and any copies of teasers and/or executive summaries provided to interested parties.

In connection with the provision of due diligence information to Qualified Bidders, the Debtors shall not furnish any confidential information relating to the Debtors, the Assets, or the Sale to any person except a Qualified Bidder or such Qualified Bidder's duly-authorized representatives to the extent provided in the applicable NDA.

The Debtors along with their advisors shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders; provided, however, the Debtors, in consultation with the Consulting Parties, may decline to provide such information to Qualified

2

Bidders (i) to the extent such information may negatively impact the Debtors in the conduct of their business, and (ii) who, in the Debtors' reasonable business judgment, in consultation with the Consulting Parties, have not established that such Qualified Bidders intend in good faith to, or have the capacity to, consummate the purchase of the Assets. Any dispute arising under the prior sentence may be presented to the Court for resolution. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline (defined below); provided, however, that the data room shall remain open, and the Debtors shall respond to reasonable requests for information from Qualified Bidders through the Auction.

The Debtors designate SSG Capital Advisors LLC ("SSG") to coordinate all reasonable requests for additional information and due diligence access. The contact information for SSG is:

> **Teresa C. Kohl, SSG Advisors, LLC, Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428, tkohl@ssgca.com**

## D.      Bid Requirements

To participate in the Auction, a Qualified Bidder (other than the Stalking Horse Bidder, if any) must deliver no later than the Bid Deadline to the Debtors, and the Consulting Parties at the addresses set forth in Paragraph F below an irrevocable offer for the Assets that must:

a.      be in writing;

b.      constitute a good faith, bona fide offer to purchase all of the Assets;

c.      be accompanied by a clean and a duly executed copy of the APA and the documents set forth as schedules and exhibits thereto, along with copies that are marked to reflect the amendments and modifications from the APA prepared by the Debtors prior to the Auction, which may not be inconsistent with these Bidding Procedures;

d.      identify with particularity the assets that constitute the Assets;

e.      identify with particularity the liabilities that are to be assumed;

f.      identify with particularity each and every condition to closing;

g.      identify with particularity the executory contracts and unexpired leases for which assumption and assignment is required;

h.      identify with particularity those employees who will be hired by the Qualified Bidder at closing;

i.      not be conditioned on any contingency, including, among others, on obtaining any of the following: (i) financing, (ii) shareholder, board of directors or other approval, and/or (iii) regulatory contingencies of any kind;

3

j.      remain irrevocable until entry of the Sale Order or such longer period of time as set forth below if the Qualified Bidder is selected as the Back-Up Bidder (as defined below);

k.      provide for a covenant to close within five (5) business days after the entry of the Sale Order;

l.      fully disclose the identity of each entity that will be bidding for or purchasing the Assets and assuming all of the liabilities covered by the bid or otherwise participating in connection with such bid, and the complete terms of any such participation, along with sufficient evidence that the Qualified Bidder is legally empowered, by power of attorney or otherwise, to complete the transactions on the terms contemplated by the parties;

m.      be accompanied, on or before the Bid Deadline, by a cash deposit in an amount equal to of 5% of the purchase price by wire transfer of immediately available funds to an account or accounts designated by the Debtors (the "Good Faith Deposit");

n.      state that the offering party or parties consents to the jurisdiction of the Court;

o.      not request or entitle the Qualified Bidder to any break-up fee, expense reimbursement, termination or similar type of fee or payment and shall include an acknowledgment and representation of the Qualified Bidder that it has had an opportunity to conduct any and all due diligence regarding the Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Assets in making its bid, and that it did not rely upon any written or oral statements, representations, warranties, or guarantees, express, implied, statutory or otherwise, regarding the Assets, the financial performance of the Assets or the physical condition of the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or the APA; and

p.      shall provide assurances that, if the Assets include a customer list or other personally identifiable information, the bidder will substantially follow the Debtors' current privacy policy.

Bids that the Debtors and the Consulting Parties determine fulfill all of the preceding requirements shall be deemed to be "Qualified Bids."[2]   As soon as practicable after the Bid Deadline, the Debtors shall notify each Qualified Bidder whether its bid constitutes a Qualified Bid so as to enable such Qualified Bidder to bid at the Auction.  Any bid that is not deemed a Qualified Bid shall not be considered by the Debtors.  The Stalking Horse Bidder shall be deemed to be a Qualified Bidder.  The Stalking Horse APA submitted by the Stalking Horse Bidder, as

---

[2]The consent of any party to the designation of any bid as Qualified Bid or any bidder as a Qualified Bidder, including without limitation, the Stalking Horse Bid and the Stalking Horse Bidder, shall not waive such party's right to raise any objection to the approval of the Sale to such Qualified Bidder pursuant to such Qualified Bid pursuant to the objection procedures established under the Bidding Procedures Order and these Bidding Procedures.

modified by the Bidding Procedures Order, and any additional bids timely submitted by the Stalking Horse Bidder (to the extent such bids are generally consistent with the terms of the Stalking Horse APA) shall be deemed Qualified Bids, qualifying the Stalking Horse Bidder to participate in the Auction.

**E.    Bid Deadline**

Bids must be received by each of the Debtors and the Consulting Parties at the addresses set forth below, in each case so as to be actually received no later than 9:00 a.m. (prevailing Eastern Time) on November 12, 2018 (the "Bid Deadline"):

> Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001 (Attn.: Paul Rubin), prubin@rubinlawllc.com

> SSG Advisors LLC, Five Tower Bridge, Suite 420, 300 Barr Harbor Drive, West Conshohocken, PA 19428 (Attn.: Teresa C. Kohl), tkohl@ssgca.com

**F.    Evaluation of Qualified Bids**

Prior to the Auction, the Debtors (through the Independent Director), in consultation with the Consulting Parties, shall evaluate Qualified Bids and identify the Qualified Bid or Qualified Bids that in the aggregate is, in the Debtors' judgment, the highest or otherwise best bid (the "Starting Bid").  At the commencement of the Auction, the Debtors shall notify all Qualified Bidders in attendance at the Auction of the Starting Bid.

**G.    No Qualified Bids**

If no Qualified Bids are received by the Bid Deadline, then the Auction will not occur.  If no Qualified Bids are received by the Bid Deadline, the Stalking Horse APA will be deemed the Successful Bid (as defined herein) and, subject to the terms and condition of the Stalking Horse APA, the Debtors will immediately pursue entry of an order by the Court approving the Stalking Horse APA and authorizing the sale of the Assets and the transfer of the Assumed Liabilities to the Stalking Horse Bidder.

**H.    Auction**

If, in addition to the Stalking Horse Bidder, one or more Qualified Bids are received by the Bid Deadline, then the Debtors and the Consulting Parties shall conduct the Auction.  The Auction shall commence at 11:00 a.m. (EST) on November 14, 2018, at the offices of Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001, or such later time or other place as the Debtors shall timely notify all Qualified Bidders following consultation with the Consulting Parties.

The Auction will be conducted in accordance with the following procedures (the "Auction Procedures"):

> a.    only Qualified Bidders, and their respective legal and financial advisors shall be entitled to bid at the Auction;

b.      the Qualified Bidders shall appear in person or through duly-authorized representatives at the Auction;

c.      only such authorized representatives of each of the Qualified Bidders, the Debtors, their respective advisors, and the advisors to the Consulting Parties shall be permitted to attend the Auction;

d.      bidding at the Auction shall begin at the Starting Bid;

e.      subsequent bids at the Auction, including any bids by the Stalking Horse Bidder, shall be made in minimum increments of $50,000.00;

f.      each Qualified Bidder will be informed of the terms of the previous bids;

g.      each Qualified Bidder will be required to confirm on the record of the Auction that it has not engaged in any collusion with respect to the bidding or the Sale;

h.      each Qualified Bidder will be required to confirm on the record of the Auction that it has sufficient financing and financial wherewithal to consummate the Sale, and the Consulting Parties may require any Qualified Bidder to provide evidence of such financial wherewithal at any time;

i.      absent irregularities in the conduct of the Auction, the Court will not consider bids made after the Auction is closed; and

j.      the Auction shall be governed by such other Auction Procedures as may be announced by the Debtors, after consultation with their advisors and the Consulting Parties, from time to time at the Auction; provided that any such other Auction Procedures shall not be inconsistent with any order of the Court.

## I.      Acceptance of the Successful Bid

Upon the conclusion of the Auction (if an Auction is conducted), the Independent Director, in his capacity as independent director of the Debtors, in the exercise of his reasonable, good-faith business judgment, and after consulting with the Debtors' advisors and the Consulting Parties, shall identify the highest or otherwise best bid (the "Successful Bid"). The Qualified Bidder (including the Stalking Horse Bid, if an Auction is not conducted) having submitted the Successful Bid will be deemed the "Successful Bidder." The Successful Bidder and the Debtors shall, as soon as commercially reasonable and practicable, complete and sign all agreements, contracts, instruments or other documents evidencing and containing the terms upon which such Successful Bid was made. The Successful Bidder must also deliver an additional deposit of 5% of the purchase price in addition to the Good Faith Deposit.

The Debtors will present the results of the Auction to the Court at the Sale Hearing (as defined below). At the Sale Hearing, the Debtors will seek certain findings from the Court

regarding the Sale and Auction, including, among other things, that (a) the Auction was conducted, and the Successful Bidder was selected, in accordance with these Bidding Procedures, (b) the Auction was fair in substance and procedure, (c) the Successful Bid was a Qualified Bid (as defined in these Bidding Procedures), and (d) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for all of the Assets and is in the best interests of the Debtors.

If an Auction is held, the Debtors shall be deemed to have accepted a Qualified Bid only when (a) such bid is declared a Successful Bid at the Auction and (b) definitive documentation has been executed in respect thereof. Such acceptance is conditioned upon approval by the Court of the Successful Bid and the entry of an Order approving the Successful Bid.

**J.      Sale Hearing**

A hearing to consider approval of the Sale of all of the Assets to the Successful Bidder (or to approve the Stalking Horse APA if no Auction is held) (the "Sale Hearing") is scheduled to take place on November 16, 2018, at 10:00 a.m., prevailing Eastern Time, or as soon thereafter as counsel may be heard, before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

The Sale Hearing may be continued to a later date by the Debtors by sending notice prior to, or making an announcement at, the Sale Hearing. Except as provided otherwise in the Bidding Procedures Order, no further notice of any such continuance will be required to be provided to any party.

At the Sale Hearing, the Debtors shall present the Successful Bid to the Court for approval.

**K.      Designation of Back-Up Bidder**

Following the approval of the Sale of all of the Assets to the Successful Bidder at the Sale Hearing, if a Successful Bidder fails to consummate an approved Sale within five (5) business days after entry of the Sale Order, the Debtors shall be authorized, but not required, to deem the next highest or otherwise best Qualified Bid for the Assets (the "Back-Up Bid," and the party submitting the Back-Up Bid, the "Back-Up Bidder"), as disclosed at the Sale Hearing, and the Debtors, in consultation with the Consulting Parties shall be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Court. The Back-Up Bid shall remain open until the first business day following the consummation of a Sale of the relevant assets to the Successful Bidder.

**L.      Return of Good Faith Deposit**

The Good Faith Deposit, if any, of the Successful Bidder shall, upon consummation of the Sale, be credited to the purchase price under the Successful Bid. If a Successful Bidder fails to consummate the Sale due to a breach by the Successful Bidder, then the Good Faith Deposit shall be forfeited to, and retained irrevocably by, the Debtors.

The Good Faith Deposit of any unsuccessful Qualified Bidders will be returned within fifteen (15) days after the entry of the Sale Order by the Bankruptcy Court or upon the permanent withdrawal of the proposed Sale of any of the Assets included in such unsuccessful Qualified Bid.

**M.    Reservation of Rights**

The Debtors reserve their rights, following consultation with their advisors and the advisors to the Consulting Parties and with the consent of the Stalking Horse Bidder (whose consent shall not be unreasonably withheld), to modify these Bidding Procedures in any manner that will best promote the goals of the bidding process and to impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Assets, including, without limitation, modifying the requirements for a Qualified Bid, extending the deadlines set forth in these Bidding Procedures, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice, canceling the Auction, and rejecting any or all Qualified Bids (excluding, for the avoidance of doubt, the Stalking Horse Bidder's offer pursuant to the Stalking Horse APA) if, in the Debtors' business judgment, following consultation with their advisors and the Consulting Parties, the Debtors determine that such Qualified Bid is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or any related rules or the terms set forth herein, or (c) contrary to the best interests of the Debtors; provided, that any party in interest that objects to any such modification of the Bidding Procedures may raise such objection at the Sale Hearing; and provided further that, if the Debtors cancel the Auction, or reject all Qualified Bids other than the bid of the Stalking Horse Bidder, the Debtors shall promptly pursue entry of an order by the Court authorizing consummation of the Sale of all of the Assets to the Stalking Horse Bidder.  In the event that a Consulting Party or other insider or affiliate of the Debtors participates in this auction process as a Qualified Bidder, such party will be treated like and given no greater or better rights than any other Qualified Bidder.

Notwithstanding the foregoing, if the Debtors, in consultation with the Consulting Parties, materially amend the Bidding Procedures or the Auction Procedures before the Auction, it shall provide notice of such changes within two (2) calendar days thereof to (i) the Objection Notice Parties, and (ii) all Acceptable Bidders (or Qualified Bidders if such change occurs after the Bid Deadline).  If the changes amend any provision regarding the potential assumption of any executory contract or unexpired lease, the Debtors shall also provide notice of such change to the Contract Notice Parties.  Any objection to such a change shall be made by the Sale Objection Deadline or at the Sale Hearing, if notice of the change is made on or after the Sale Objection Deadline.

# Exhibit 2
# (Assumption and Assignment Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
PACHANGA, INC., *et al.*,[1]                   :    Case No.:  18-18-12767 (MEW)
                                              :    (Jointly Administered)
                    Debtors.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF (I) DEBTORS' INTENT TO (A) ASSUME AND ASSIGN, OR (B) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND ASSUMPTION AND ASSIGNMENT; AND (II) CURE AMOUNTS

**PLEASE TAKE NOTICE** that, pursuant to the *Order Approving (A) Bidding Procedures in Connection with Sale of Substantially All of the Debtors' Assets, (B) Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Form and Manner of Notice of Sale Hearing* (the "Bidding Procedures Order"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has authorized Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to conduct an auction (the "Auction") to sell certain assets (the "Assets") to the highest and best qualified bidder for the Assets (the "Successful Bidder").  The Auction, if any, will take place on November 14, 2018, commencing at 11:00 a.m. (EST) at the offices of Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001, or such later time or other place as the Debtors shall timely notify all Qualified Bidders following consultation with the Consulting Parties.  A hearing (the "Sale Hearing") will be held on November 16, 2018, at 10:00 a.m. in the Bankruptcy Court before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 to consider (i) the sale of the Assets to the Successful Bidder free and clear of liens, claims, interests, and encumbrances (except for any assumed liabilities and permitted liens) and (ii) the assumption and assignment of executory contracts and unexpired leases in connection with the sale.  At the Sale Hearing, the Debtors will ask the Bankruptcy Court to enter an order (the "Sale Order") approving the sale to the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that the Bidding Procedures Order, among other things, authorized procedures for the Debtors to (a) assume and assign to the Successful Bidder or (b) reject, certain executory contracts and unexpired leases (each of which being referred to respectively as the "Assigned Contracts" or the "Rejected Contracts").

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have indicated on **Schedule A** attached hereto (the "Cure Schedule") the cure amount that the Debtors believe must be paid to cure all pre-petition defaults under each Assigned Contract as of September 14, 2018 (in each instance, the "Cure Amount"), as well as to identify on **Schedule A** each Rejected Contract.

**PLEASE TAKE FURTHER NOTICE** that objections (a "Contract Objection"), if any, to the assumption and assignment of any Assigned Contract, the adequate assurance of future performance of such Assigned Contract, and the Debtors' proposed Cure Amounts, must: (a) be in writing, (b) state with specificity the nature of such objection and alleged cure amount, including applicable and appropriate documentation in support of such alleged cure amount, (c) comply with the Bankruptcy Rules and Local Rules, (d) be filed with the Bankruptcy Court on or before November 9, 2018 at 5:00 p.m. (EST) (the "Cure Objection Deadline"), and (e) be served, so as to be actually received on or before the Cure Objection Deadline, by (i) counsel for the Debtors, (ii) counsel to the Stalking Horse Bidder, and (iii) the Office of the United States Trustee; provide, however, that if an Auction results in a Successful Bidder other than the Stalking Horse Bidder, the Debtors will file a notice identifying such Successful Bidder with the Court and serve such notice upon each party identified in the Cure Schedule, and the deadline for objecting to the assignment of the Assigned Contracts to such Successful Bidder *solely on the basis of adequate assurance of future performance* will be the commencement of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that unless a Contract Objection is filed and served before the Cure Objection Deadline, *all parties shall be (i) forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to the Assigned Contracts, and the Debtors and the Successful Bidder shall be entitled to rely solely upon the Cure Amount, (ii) with respect to Rejected Contracts, such Rejected Contracts shall be deemed to be rejected as of the date of the entry of the Sale Order, and (iii) forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contract, or that there is any obligation or defense to the assumption and assignment of such Assigned Contracts, in each case, subject to applicable law and except as provided in the last proviso of the preceding paragraph.*

**PLEASE TAKE FURTHER NOTICE** that hearings with respect to the Contract Objections may be held (i) at the Sale Hearing, or (ii) at such other date as the Bankruptcy Court may designate upon motion by the Successful Bidder and the Debtors.  Where a non-debtor counterparty to an Assigned Contract files an objection asserting a cure amount higher than the proposed Cure Amount (the "Disputed Cure Amount"), then (i) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, the Debtors shall promptly provide the Successful Bidder notice and opportunity to object to such proposed resolution, or (ii) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then the amount to be paid under section 365 of the Bankruptcy Code with respect to such Disputed Cure Amount will be determined at the Sale Hearing or such other date and time as may be fixed by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Amount listed on **Schedule A** and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

2

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Bidding Procedures and Bidding Procedures Order, as well as all related exhibits, have been electronically filed with the Bankruptcy Court and may be examined and inspected by interested parties by accessing the Bankruptcy Court's website at www.nysb.uscourts.gov.  Note that a PACER password is need to access documents on the Bankruptcy Court's website.  You may also request these documents by contacting Hanh Huynh, 212-390-8272, hhuynh@rubinlawllc.com.  Documents requested will only be delivered by electronic mail.

Schedule A

**ASSUMED CONTRACTS**

| Contract or Lease Counterparty | Description of Contract or Lease | Cure Amount |
|---|---|---|
|  |  |  |

**REJECTED CONTRACTS**

| Contract or Lease Counterparty | Description of Contract or Lease |
|---|---|
|  |  |

4

# Exhibit 3
## (Sale Notice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
In re:                                       :    Chapter 11
                                             :
PACHANGA, INC., *et al.*,[1]                 :    Case No.:  18-18-12767 (MEW)
                                             :    (Jointly Administered)
                    Debtors.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>**NOTICE OF PUBLIC AUCTION AND SALE HEARING**</u>

     **PLEASE TAKE NOTICE** that Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") have been authorized to sell substantially all of the their assets free and clear of all liens, claims, interests, and encumbrances to the Successful Bidder (the "<u>Sale</u>") at the auction to be held on November 14, 2018, at 11:00 a.m. (EST) at the offices of Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001 (the "<u>Auction</u>"), or such later time or other place as the Debtors shall timely notify all Qualified Bidders following consultation with the Consulting Parties.[2]

     **PLEASE TAKE FURTHER NOTICE** that, on October [  ], 2018, the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Bidding Procedures Order</u>") approving the Bidding Procedures in connection with the Auction, which sets forth dates and times related to the Sale.  All interested bidders should carefully read the Bidding Procedures.  To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of its terms and conditions in this Notice, the terms of the Bidding Procedures shall control.

     **PLEASE TAKE FURTHER NOTICE** that copies of the Motion, the Bidding Procedures and Bidding Procedures Order, as well as all related exhibits, have been electronically filed with the Bankruptcy Court and may be examined and inspected by interested parties by accessing the Bankruptcy Court's website at www.nysb.uscourts.gov.  Note that a PACER password is needed to access documents on the Bankruptcy Court's website.  You may also request these documents by contacting Hanh Huynh, 212-390-8272, hhuynh@rubinlawllc.com.  Documents requested will only be delivered by electronic mail.

     **PLEASE TAKE FURTHER NOTICE** that if the Debtors receive Qualified Bids within the requirements and timeframe specified in the Bidding Procedures, then the Debtors will conduct

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

[2] To the extent not otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Bidding Procedures, which are annexed as Exhibit 1 to the Bidding Procedures Order.

the Auction on November 14, 2018 at 11:00 a.m. (EST), at the offices of Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, NY 10001, or such later time or other place as the Debtors shall timely notify all Qualified Bidders following consultation with the Consulting Parties.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004 on November 16, 2018 at 10:00 a.m. (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that, except for objections to the conduct of the Auction, which may be raised at the Sale Hearing, objections, if any, to the Sale, together with proof of service, must: (i) conform to the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, (ii) be filed with the Court and served so as to be actually received no later than 4:00 p.m., prevailing Eastern Time, on November 9, 2018 (the "Objection Deadline") by the following parties (the "Notice Parties"):

| **Debtors:** | **Stalking Horse Bidder:** |
|---|---|
| Paul A. Rubin, Esq. | Frederick E. Schmidt, Jr., Esq. |
| Hanh V. Huynh, Esq. | Cozen O'Connor |
| Rubin LLC | 277 Park Avenue |
| 345 Seventh Avenue, 21st Floor | New York, New York 10172 |
| New York, New York 10001 | (212) 883-4948 |
| (212) 390-8054 | eschmidt@cozen.com |
| prubin@rubinlawllc.com | |
| hhuynh@rubinlawllc.com | |

**Office of the United States Trustee:**
Serene Nakano, Esq.
Trial Attorney
Office of the United States Trustee
201 Varick Street, Room 1006
New York, New York 10014

### CONSEQUENCES OF FAILING TO TIMELY FILE AND SERVE AN OBJECTION

Any party or entity who fails to timely file and serve an objection to the Sale on or before the Objection Deadline in accordance with the Bidding Procedures Order shall be forever barred from asserting any objection to the Sale, including with respect to the transfer of the Assets free and clear of all liens, claims, interests, and encumbrances.

### NO SUCCESSOR OR TRANSFEREE LIABILITY

The Debtor intends to seek a Sale Order that provides in substance that the Successful Bidder will have no responsibility for, and the Assets will be sold free and clear of, any successor liability, including the following: (i) any liability or other obligation of the Debtors, or related to the Assets, other than as expressly set forth in the APA with respect to assumed liabilities, or (b) any Claims against the Debtors or any of their predecessors or affiliates. The proposed Sale Order

would provide that, except as expressly provided in the APA with respect to the Successful Bidder, the Successful Bidder shall have no liability whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations, or any of the Debtors' (or their predecessors' or affiliates') obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character, or based upon any theory of antitrust, environmental, successor or transferee liability, *de facto* merger or substantial continuity, labor and employment or products liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated, including but not limited to liabilities on account of any taxes arising, accruing, payable under, out of, in connection with, or in any way relating to the operation of the Assets prior to the Closing. The Debtor will propose that, except to the extent expressly included in the assumed liabilities with respect to the Successful Bidder, the Successful Bidder shall have no liability or obligation under the WARN Act (29 U.S.C. §§ 2101 et seq.) or the Comprehensive Environmental Response and Liability Act (42 U.S.C. §§ 9601 et seq.), or any state, foreign, or federal law of similar import, or otherwise by virtue of the Successful Bidder's purchase of the Assets or assumption of assumed liabilities.