UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                                  :

In re:                                        :   Chapter 11
                                                  :

PACHANGA, INC., *et al.*,[1]              :   Case No.:  18-12767 (MEW)
                                                  :   (Jointly Administered)
                    Debtors.     :
---------------------------------- x

**DECLARATION OF J. SCOTT VICTOR IN SUPPORT OF MOTION FOR ENTRY
OF AN ORDER APPROVING (a) SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS OUTSIDE ORDINARY COURSE OF BUSINESS, FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES,
(b) FORM AND CONTENT OF ASSET PURCHASE AGREEMENT, AND
(c) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

J. SCOTT VICTOR, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a Managing Director of SSG Advisors, LLC ("SSG") and its registered broker/dealer affiliate, SSG Capital Advisors, LLC, which maintains its principal office at Five Tower Bridge, 300 Barr Harbor Drive, Suite 420, West Conshohocken, Pennsylvania 19428.  I have over thirty-five years of experience in advising businesses facing operational or financial challenges, including bankruptcy proceedings.

2. I submit this Declaration in support of the motion (the "Motion") filed by Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, and 365 of title 11 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 6006, Local Bankruptcy Rules 2002-1, 6004-1, and 9006-1(b), and the Sale Guidelines for the Conduct of Asset Sales (the "Sale Guidelines") for entry of (I) an order

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

approving (a) bidding procedures (the "Bidding Procedures") in connection with the sale of substantially all of the Debtors' assets, (b) procedures for assumption and assignment of executory contracts, and (c) the form and manner of notice of the hearing to approve the sale; and (II) an order approving the sale of substantially all of the Debtors' assets (the "Sale").

3. On or about September 5, 2018, the Debtors retained SSG as the Debtors' exclusive investment banker to market the Debtors' assets and manage the sale process in connection with the proposed Sale.[2] Upon SSG's engagement by the Debtors, I was advised by the Debtors' management and counsel that the Debtors had agreed in principle with a buyer to a transaction for the Debtors' assets, to be memorialized pursuant to the terms of an asset purchase agreement described below. I and my colleague, Teresa Kohl, also personally met with the Debtors' management to discuss the Debtors' operations and the sale process.

4. On September 14, 2018 and October 4, 2018 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

**5.** On September 26, 2018, the Debtors filed the Motion, seeking approval of the Bidding Procedures governing the Sale of the Debtors' assets to FIKA Acquisition LLC, as the stalking horse bidder (the "Purchaser") pursuant to the *Asset Purchase Agreement* dated October 8, 2018 between the Debtors and the Purchaser (the "APA"), subject to higher and better offers.

6. On October 10, 2018, the Court entered an order (the "Bidding Procedures Order") approving the Bidding Procedures (as modified on the record of the hearing on the Motion) and scheduling a hearing on November 16, 2018 to consider approval of the Sale to the Purchaser or such other buyer who is the successful bidder at an auction. The Bidding Procedures Order also set November 12, 2018 as the deadline for the submission of qualified

---

[2] On November 6, 2018 the Court entered an order authorizing the retention of SSG as the Debtors' exclusive investment banker.

2

bids, and November 14, 2018 as the date for an auction, if any qualified bids were received prior to the bid deadline.

7. I have reviewed the APA, and I understand that the APA contains the following material economic terms: (a) the purchase price includes the Purchaser's credit bid of $11,115,604.00 of secured claims against the Debtors, (b) the Purchaser will also pay cash consideration in the amount of $325,000, (c) the Purchaser will assume the Debtors' obligations to the United States Small Business Administration under that certain SBA Disaster Loan (estimated to be in the amount of $470,000), and (d) the Purchaser will assume the Debtors' pre-Petition Date sales tax liabilities to the New York State Department of Taxation and Finance up to the amount set forth in the Debtors' schedules.

8. In addition, to the extent that the Debtors are selling any "personally identifiable information" (as that term is defined in section 101(41A) of the Bankruptcy Code) to the Purchaser, the Debtors have satisfied section 363(b)(1)(A) of the Bankruptcy Code because the Purchaser has agreed under the APA to comply with, and be bound by, the Debtors' privacy policy.

9. SSG has conducted a comprehensive marketing process for the Debtors' assets. Upon its engagement, SSG reviewed and analyzed information received from the Debtors' management team in order to put together a one-page teaser and a Confidential Information Memorandum ("CIM"). SSG compiled a list of potential buyers comprising the following categories:

    a. National coffee chain operators

    b. Regional coffee chain operators

    c. New York City metropolitan coffee chain operators

      d. Private equity firms with express interest in retail and/or food and beverage related investments.

10. SSG approached 16 potential strategic buyers and 16 potential financial buyers. SSG distributed the teaser and a form Non-Disclosure Agreement ("NDA") to all potential buyers. Additionally, once the APA and Bidding Procedures were filed, SSG distributed those documents to any parties that had not already declined interest in the process. SSG followed up with each party multiple times via e-mails and phone calls. Two parties (one strategic, one private equity firm) executed the NDA and received the CIM, but neither party submitted a competing bid.

11. Throughout the process, SSG held a weekly update call with Eddy Friedfeld, the Debtors' Independent Director, regarding SSG's marketing efforts.

12. Because SSG did not receive any competing bids by the November 12, 2018 bid deadline, an auction was not held.

13. I am advised that the Independent Director has determined, in the exercise of his business judgment that the sale to the Purchaser under the terms of the APA is the highest and best offer for the sale of the Debtors' assets based on (i) the Debtors' extensive pre-Petition Date discussions with potential acquirers and investors, (ii) SSG's post-Petition Date marketing, (iii) the economic benefits to the Debtors under the APA, as described above, (iv) the absence of a competing offer, and (v) the inability of the Debtors to continue to operate without additional post-petition funding, which is not available.

14. Based on all of the foregoing, I respectfully submit that the Court should approve the proposed Sale to the Purchaser as the highest and best offer for the Debtors' assets.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: West Conshohocken, Pennsylvania
November 13, 2018

_____
J. Scott Victor
SSG Advisors, LLC