UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In re:                                          : Chapter 11
                                                :
PACHANGA, INC., *et al.*,[1]                    : Case No.: 18-12767 (MEW)
                                                : (Jointly Administered)
              Debtors.                          :

------------------------------------x

**DECLARATION OF EDDY FRIEDFELD IN SUPPORT OF MOTION FOR ENTRY
OF AN ORDER APPROVING (a) SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS OUTSIDE ORDINARY COURSE OF BUSINESS, FREE AND
CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES,
(b) FORM AND CONTENT OF ASSET PURCHASE AGREEMENT, AND
(c) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

EDDY FRIEDFELD, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a senior executive, with 20 years' experience serving as chief restructuring officer, chief liquidation officer, and chief operating officer for distressed companies, including chapter 11 debtors in various industries. Previously, I worked as a corporate attorney in large New York law firms.

2. I submit this Declaration in support of the motion (the "Motion") filed by Pachanga, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, and 365 of title 11 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 6006, Local Bankruptcy Rules 2002-1, 6004-1, and 9006-1(b), and the Sale Guidelines for the Conduct of Asset Sales (the "Sale Guidelines") for entry of (I) an order approving (a) bidding procedures (the "Bidding Procedures") in connection with the sale of substantially all

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC. The Debtors corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

of the Debtors' assets, (b) procedures for assumption and assignment of executory contracts, and (c) the form and manner of notice of the hearing to approve the sale; and (II) an order approving the sale of substantially all of the Debtors' assets (the "Sale").

3.      On or about September 7, 2018, I was appointed by Pachanga, Inc. to serve as Independent Director for the purposes of determining (i) whether the Sale is in the Debtors' best interest, (ii) whether any bidding procedures governing the Sale is reasonable and tailored to generate the highest and best offers at an auction, and (iii) in the event an auction is held in connection with the Sale, the highest and best offer submitted.

4.      Following my appointment as Independent Director, I had discussions with the Debtors' management and professionals about the Debtors' business, their financial condition, and their effort in the prior year to obtain funding. I learned that, beginning in August 2017, the Debtors had engaged a financial advisor to obtain investment capital. I learned that the advisor marketed the investment opportunity extensively, made a number of presentations to potential investors, and fielded due diligence inquiries from several interested parties. I was advised that, ultimately, only one buyer agreed to a transaction for the Debtors' assets, pursuant to the terms of an asset purchase agreement described below.

5.      I have also reviewed the Debtors' 13-week cash flow and budget, which shows that the Debtors will not have sufficient cash to continue to operate past November 16, 2018. Further, I have been advised by Debtors' management and professionals that no lender has agreed to provide funding to the Debtors on a post-petition basis.

6.      On September 14, 2018 and October 4, 2018 (as applicable, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7.      On September 26, 2018, the Debtors filed the Motion, seeking approval of the

2

Bidding Procedures governing the Sale of the Debtors' assets to FIKA Acquisition LLC, as the stalking horse bidder (the "Purchaser") pursuant to the *Asset Purchase Agreement* dated October 8, 2018 between the Debtors and the Purchaser (the "APA"), subject to higher and better offers. I reviewed the Motion prior to it being filed, and based on my experience and familiarity with similar sales, I believe that the proposed Bidding Procedures are reasonable, typical for the type of assets being sold in this case, and tailored to generate the highest and best offers at an auction.

8. On October 10, 2018, the Court entered an order (the "Bidding Procedures Order") approving the Bidding Procedures (as modified on the record of the hearing on the Motion) and scheduling a hearing on November 16, 2018 to consider approval of the Sale to the Purchaser or such other buyer who is the successful bidder at an auction. The Bidding Procedures Order also set November 12, 2018 as the deadline for the submission of qualified bids, and November 14, 2018 as the date for an auction, if any qualified bids were received prior to the bid deadline.

9. Following the entry of the Bidding Procedures Order, I coordinated with SSG Advisors, LLC ("SSG"), the investment banker retained by the Debtors to conduct the sale process and market the assets, to establish weekly conference calls to discuss the status of the marketing and sale processes and any related issues. SSG has kept me informed and apprised of all progress and activities throughout this sale process during our weekly calls.

10. I have reviewed the APA, and I understand that the APA contains the following material economic terms: (a) the purchase price includes the Purchaser's credit bid of $11,115,604.00 of secured claims against the Debtors, (b) the Purchaser will also pay cash consideration in the amount of $325,000, (c) the Purchaser will assume the Debtors' obligations to the United States Small Business Administration under that certain SBA Disaster Loan (estimated to be in the amount of $470,000), and (d) the Purchaser will assume the Debtors' pre-

Petition Date sales tax liabilities to the New York State Department of Taxation and Finance up to the amount set forth in the Debtors' schedules.

11. In addition, to the extent that the Debtors are selling any "personally identifiable information" (as that term is defined in section 101(41A) of the Bankruptcy Code) to the Purchaser, the Debtors have satisfied section 363(b)(1)(A) of the Bankruptcy Code because the Purchaser has agreed under the APA to comply with, and be bound by, the Debtors' privacy policy.

12. I have been advised by the Debtors' counsel and by SSG that no competing bids were received by the November 12, 2018 bid deadline. Accordingly, an auction was not held.

13. It is my business judgment that the sale to the Purchaser under the terms of the APA is the highest and best offer for the sale of the Debtors' assets based on (i) the Debtors' extensive pre-Petition Date discussions with potential acquirers and investors, (ii) SSG's post-Petition Date marketing, (iii) the economic benefits to the Debtors under the APA, as described above, (iv) the absence of a competing offer, and (v) the inability of the Debtors to continue to operate without additional post-petition funding, which is not available.

14. Based on all of the foregoing, the Court should approve the proposed Sale to the Purchaser as the highest and best offer for the Debtors' assets.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
November 13, 2018

_____
Eddy Friedfeld
Independent Director for the Debtors