**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
            :
In re:          :   Chapter 11
            :
PACHANGA, INC., *et al.*,[1]    :   Case No.: 18-12767 (MEW)
            :   (Jointly Administered)
            Debtors.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER (A) APPROVING THE ASSET PURCHASE AGREEMENT BETWEEN THE DEBTORS AND FIKA ACQUISITIONS, LLC, (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (D) GRANTING RELATED RELIEF**

This matter came before the Court upon the motion (the "**Motion**") [ECF # 23][2] by the Debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") seeking (1) approval of the sale of substantially all of the Debtors' assets free and clear of liens, claims and encumbrances, (2) the assumption and assignment of certain contracts, and (3) related relief. On October 10, 2018 the Court entered an *Order Approving (a) Bidding Procedures in Connection*

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC. The Debtors' corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

[2] References to "ECF" numbers refer to docket entries in Case No. 18-12767 (MEW). Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them, as applicable, in the Motion, the Bidding Procedures, the Asset Purchase Agreement by and between FIKA Acquisitions, LLC and the Debtors dated as of October 8, 2018 (as may be amended, supplemented, or modified from time to time, the "**APA**"), attached as **Exhibit A**. As used herein, "**Purchase Documents**" shall mean the APA, and all other agreements, instruments, and documents contemplated thereby.

*with Sale of Substantially all of the Debtors' Assets, (b) Procedures for Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Form and Manner of Notice of Sale Hearing* [ECF #40] (the "**Bidding Procedures Order**"). Pursuant to the terms of the Bidding Procedures Order the Court held a hearing with respect to the Motion on November 16, 2018 (the "**Sale Hearing**"). At the Sale Hearing the Court admitted into evidence the Declaration of Eddy Friedfeld (the "**Independent Director**") and the Declaration of J. Scott Victor of SSG Advisors, LLC ("**SSG**"). Upon the Court's consideration of the Motion, the record of the Sale Hearing, and the evidence admitted at the Sale Hearing, and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby:

### FOUND, CONCLUDED AND DETERMINED THAT:[3]

A.    **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 364, 365, and 503, Bankruptcy Rules 2002, 6004, 6006, 9006, 9014, and 9019 and Rules 6004-1, 6006-1 and 9006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").

B.    **Notice**. As evidenced by affidavits of service previously filed with the Court, and based on representations of counsel at the Sale Hearing, (i) due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, the Assumption Procedures, and the transactions

---

[3]    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

contemplated by the Purchase Documents (the "**Sale Transaction**"), has been provided to all parties entitled thereto; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Chapter 11 Cases; and (iii) no other or further notice of the Motion, the Auction, the Sale Hearing, or the Sale Transaction is or shall be required.

        C.      **Opportunity to Object**. All parties in interest have been given a reasonable opportunity to object and to be heard with respect to the Motion, the Auction, the Sale Hearing, and the Sale Transaction.

        D.      **No Objection**. No party in interest has objected to the entry of this Order or the relief granted herein.

        E.      **Successful Bidder**. The Debtors adequately marketed the Purchased Assets under the facts and circumstances of the Chapter 11 Cases and in compliance with the Bidding Procedures and Bidding Procedures Order. The marketing process created by the Bidding Procedures provided potential bidders with a full and fair opportunity to submit bids and participate in the Auction. The Debtors did not receive any Qualified Bids for the Purchased Assets, other than the bid submitted by the Stalking Horse Bidder. The Debtors therefore designated the Stalking Horse Bidder, FIKA Acquisitions, LLC ("**FA**" or the "**Successful Bidder**"), as the successful bidder for the Purchased Assets.

        F.      **Auction**. The Debtors were not required to conduct an Auction under the Bidding Procedures and Bidding Procedures Order because no bid was received except for the bid made by the Stalking Horse Bidder.

        G.      **Highest and Best Offer**. The Debtors' determination that the bid submitted by the Stalking Horse Bidder is the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtors' business judgment.

H. **Good Faith Purchaser**. The Sale Transaction contemplated by the APA and this Order were negotiated and are being undertaken by the Debtors and the Stalking Horse Bidder at arm's-length and in good faith within the meaning of Bankruptcy Code section 363(m). The evidence submitted to the Court shows that the Successful Bidder, its affiliates, and the representatives of the foregoing entities have all proceeded in good faith in connection with the Sale Transaction, the Purchase Documents, the Bidding Procedures, and this sale proceeding. Such persons are, therefore, entitled to all of the benefits and protections of Bankruptcy Code section 363(m).

I. **No Evidence of Collusion**. No evidence has been presented and no accusation has been made that any of the Debtors, the Successful Bidder, their respective affiliates, or the representatives of the foregoing entities has engaged in any conduct that would cause or permit the Sale Transaction or the Purchase Documents to be avoided under Bankruptcy Code section 363(n) or has acted in any improper or collusive manner with any person.

J. **Fair and Reasonable Consideration**. The Motion disclosed that certain members of the Stalking Horse Bidder are "insiders" of the Debtors, as that term is defined in Bankruptcy Code section 101(31). The Debtors, however, have taken measures to ensure the fairness of the sale process and the Sale Transaction. The Debtors appointed the Independent Director to oversee the sale process, make all determinations, subject to Court approval, regarding whether the Bidding Procedures are reasonable and tailored to generate the highest and best offers at an auction. In addition, the Debtors retained SSG to conduct an independent sale and marketing process to market the Assets and solicit bidders. The Successful Bidder recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets, complied with the Bidding Procedures Order, and agreed to subject its

Stalking Horse Bid to the competitive Bidding Procedures approved in the Bidding Procedures Order. The terms and conditions of the Sale Transaction and the Purchase Documents, including without limitation, the consideration provided therein, are fair and reasonable.

K. **Corporate Authority**. The Debtors (i) have full corporate power and authority to execute the Purchase Documents and to consummate their obligations with respect to the Sale Transaction, (ii) have taken all corporate action necessary to authorize and approve their entry into and performance in respect of the Purchase Documents and the Sale Transaction, and (iii) require no consents or approvals to consummate the Sale Transaction, other than those expressly provided for in the Purchase Documents and the entry of this Order. With respect to the Debtors, the Sale Transaction has been duly and validly authorized by all necessary corporate action and/or approval by the Court.

L. **Sale in Best Interests**. The relief set forth in this Order is in the best interests of the Debtors, their estates, their creditors and all other parties in interest. Immediate approval by this Court of the Sale Transaction is necessary and appropriate to maximize the value of the Debtors' estates. There is risk of deterioration of the value of the Purchased Assets if the Sale Transaction is not promptly consummated.

M. **Business Justification**. The Debtors have demonstrated both good, sufficient and sound business reasons and compelling circumstances for the Court to authorize (i) the Debtors' entry into the Purchase Documents and the consummation of the Sale Transaction under Bankruptcy Code section 363(b) outside the ordinary course of business; (ii) the assumption of those executory contracts and unexpired leases pursuant to the terms and conditions of the Purchase Documents (collectively the "**Contracts**") by the Debtors, and the assignment of the Contracts by the Debtors to the Successful Bidder as set forth herein, and in the Purchase

5

Documents. Entry of this Order approving the Sale Transaction is a necessary condition precedent to the Successful Bidder's consummation of the Sale Transaction.

N. **Free and Clear**. The conveyance of the Debtors' interest in the Purchased Assets in accordance with the Purchase Documents will be a legal, valid, and effective transfer of the Purchased Assets and, except as otherwise provided in the Purchase Documents, vests or shall vest the Successful Bidder with all right, title, and interest of the Debtors in and to the Purchased Assets pursuant to Bankruptcy Code sections 363(f) and 365, free and clear of all interests in such property held by entities other than the estate to the fullest extent permitted by section 363(f) of the Bankruptcy Code. One or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied with respect to all of the Purchases Assets. No person has objected to the transfer of such assets, and by virtue of this Order each person or entity with any interest in the Purchased Assets is barred from opposing or interfering with the transfer.

O. **No Successor Liability**. The Successful Bidder is not and shall not be deemed to be a successor to the Debtors as a result of the consummation of the transactions contemplated by the Purchase Documents.

P. **Assumption and Assignment of Contracts**. The assumption of the Contracts by the Debtors and the assignment of the Contracts by the Debtors to the Successful Bidder as set forth herein and in the Purchase Documents are integral to the Sale Transaction and the Purchase Documents, and are in the best interests of the Debtors, their estates, their creditors and all other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. **Motion is Granted.** The Motion and the relief requested therein are GRANTED and APPROVED to the extent set forth herein.

2. **Approval.** The Debtors are hereby authorized and directed to (i) perform the Purchase Documents and execute and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Documents, provided that such additional documents do not change its terms in a manner materially adverse to the Debtors; (ii) consummate the Sale Transaction in accordance with the terms and conditions of the Purchase Documents and the other agreements contemplated thereby; (iii) assume and assign the Contracts as set forth herein and in the Purchase Documents; and (iv) take all other and further actions as may be reasonably necessary to implement the Sale Transaction.

3. **Transfer Free and Clear of Interest of Other Persons.** Upon the Closing, the Sale Transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtors' rights, title, and interests in the Purchased Assets to the Successful Bidder, and shall vest the Successful Bidder with all of the Debtors' rights, title, and interests in the Purchased Assets free and clear of all interests of any kind to the fullest extent permitted by section 363(f) of the Bankruptcy Code, except as expressly provided in this Order and the Purchase Documents.

4. **No Successor or Transferee Liability.** The Successful Bidder is not and shall not be deemed to be a successor to any of the Debtors as a result of any action taken in connection with the execution of the Purchase Documents and the completion of the transactions contemplated thereby, except to the extent that the Successful Bidder has assumed contractual obligations of the Debtors or has agreed in the Purchase Documents to assume other liabilities of the Debtors.

5. **Assumption and Assignment of the Contracts.** Pursuant to Bankruptcy Code sections 105(a), 363 and 365, and subject to, conditioned on, and effective as of the Closing Date, the Debtors' assumption of the Contracts and the Debtors' assignment of the Contracts to the Successful Bidder, as set forth herein and in the Purchase Documents, are hereby approved. On the Closing Date, the Contracts shall be assumed by the Debtors and assigned by the Debtors to the Successful Bidder as set forth herein and in the Purchase Documents, and shall remain in full force and effect for the benefit of the Successful Bidder in accordance with their respective terms. The Debtors are hereby authorized at Closing to execute and deliver to the Successful Bidder such agreements, instruments or other documents as may be reasonably necessary to effectuate the assumption and assignment of the Contracts as set forth herein and in the Purchase Documents.

6. **Implementation**. The provisions of this Order authorizing the sale of the Purchased Assets free and clear of Interests, except as otherwise set forth in the Purchase Documents or this Order, shall be self-executing, and none of the Debtors or the Successful Bidder shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtors, the Successful Bidder, and each of their respective officers, directors, employees, agents, and representatives are hereby authorized and empowered to take all actions and execute and deliver any and all agreements, instruments and documents that the Debtors or the Successful Bidder deem necessary or appropriate to implement and effectuate the terms of the Purchase Documents and this Order. All filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract,

to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets, is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction and to strike, from the records, any recorded interests against the Purchased Assets that are to be released pursuant to the terms of this Order.

7. **General Assignment.** Effective as of the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtors' rights, title, and interests in the Purchased Assets to the Successful Bidder.

8. **Binding Effect of Order.** The terms and provisions of the Purchase Documents and this Order shall be binding in all respects upon the Debtors, the Debtors' estates, the Successful Bidder, all creditors of the Debtors, all holders of equity interests in the Debtors, and all other parties in interest.

9. **Retention of Jurisdiction.** This Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with, this Order and the Purchase Documents, all amendments thereto and any waivers and consents thereunder, including, but not limited to, the authority to (i) compel delivery of the Purchased Assets to the Successful Bidder; (ii) interpret, implement and enforce the provisions of this Order and any related order; and (iii) protect the Successful Bidder and the Purchased Assets against any Interests of any kind or nature whatsoever from which the Purchased Assets have been sold free and clear.

10. **No Material Modifications.** The Purchase Documents and any related agreements, instruments or other documents may be modified, amended or supplemented by the

parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court; <u>provided</u> that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates and has been agreed to between the Debtors and the Successful Bidder.

11. **Subsequent Orders and Plan Provisions.** Nothing contained in any subsequent order of this Court (including without limitation, an order authorizing any sale of assets pursuant to sections 363, 365 or any other provision of the Bankruptcy Code) (or a conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the Chapter 11 Cases) shall nullify, alter, conflict with or derogate from the provisions of this Order, and the provisions of this Order shall survive and remain in full force and effect.

12. **Failure to Specify Provisions.** The failure to reference or specifically include any particular provisions of the Purchase Documents in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Documents and the Sale Transaction be authorized and approved in its entirety.

13. **No Stay of Order.** Notwithstanding the provisions of Bankruptcy Rule 6004 and Bankruptcy Rule 6006 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.

14. **Inconsistencies with Prior Orders, Pleadings or Agreement.** To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in the Chapter 11 Cases, the terms of this Order shall govern. To the extent this Order is inconsistent with the terms of the Purchase Documents (including all ancillary documents executed in connection therewith), the terms of the Order shall govern.

15. **No Privilege Waiver**. To the extent that the Debtors are required under the Purchase Documents to deliver books and records to the Successful Bidder that are subject to the Debtors' attorney client privilege, including work product, the delivery of such books and records to the Successful Bidder shall not constitute a waiver of the attorney client privilege, including work product, for any other purpose or with respect to any other party, and such privileges are deemed fully reserved and preserved.

16. **Privacy Policy**. The Purchaser has agreed to abide by the Debtors' privacy policy in place as of the Closing. Accordingly, no consumer privacy ombudsman need be appointed under section 363(b)(1) of the Bankruptcy Code.

Dated:  November 19, 2018

s/Michael E. Wiles
Honorable Michael E. Wiles
United States Bankruptcy Judge

# **EXHIBIT A**

## **APA**