UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
In re: : Chapter 11
:
PACHANGA, INC., *et al.*,[1] : Case No.: 18-12767 (MEW)
: (Jointly Administered)
Debtors. :
------------------------------------- x

# FINDINGS OF FACT, CONCLUSIONS OF LAW
## AND ORDER CONFIRMING THE DEBTORS' AMENDED
## JOINT CHAPTER 11 PLAN OF LIQUIDATION, AS MODIFIED

# RECITALS

A. On September 4, 2018, Pachanga, Inc., Corossol FIKA Tower LLC, Corossol LLC, Corossol Tribeca LLC, FIKA 41 W 58th Street LLC, FIKA 66 Pearl Street LLC, FIKA 141 W 41st Street LLC, FIKA 157 7th Avenue, FIKA 824 10th Ave LLC, FIKA Catering LLC, FIKA Espresso Bars LLC, FIKA Tribeca LLC, FIKA Web Orders LLC, and MILA Solutions LLC, and on October 4, 2018 (together with September 4, 2018, as applicable, the "Petition Date") FIKA 10 Park Avenue LLC, FIKA 52 Duane Street LLC, FIKA 555 6th Avenue LLC, FIKA 600 Lexington LLC, FIKA 1331 Lexington LLC, and FIKA Columbus Circle LLC (the preceding debtors entities, collectively, the "Debtors"), filed petitions for relief under chapter 11 of the title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Chapter 11 Cases").

---

[1] The Debtors in these chapter 11 cases are: Pachanga, Inc.; Corossol FIKA Tower LLC; Corossol LLC; Corossol Tribeca LLC; FIKA 41 W 58th Street LLC; FIKA 66 Pearl Street LLC; FIKA 141 W 41st Street LLC; FIKA 157 7th Avenue; FIKA 824 10th Ave LLC; FIKA Catering LLC; FIKA Espresso Bars LLC; FIKA Tribeca LLC; FIKA Web Orders LLC; MILA Solutions LLC; FIKA 10 Park Avenue LLC; FIKA 52 Duane Street LLC; FIKA 555 6th Avenue LLC; FIKA 600 Lexington LLC; FIKA 1331 Lexington LLC; and FIKA Columbus Circle LLC.  The Debtors' corporate headquarters and mailing address is 824 10th Avenue, New York, NY 10019.

B.  On April 5, 2019, the Debtors filed the Amended Joint Chapter 11 Plan of Liquidation dated April 5, 2019 (as later modified, amended and/or supplemented, the "Plan")[2] and the Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement").

C.  On April 9, 2019, the Court entered the Order (A) Approving Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling A Confirmation Hearing, (D) Establishing Procedures for Filing Confirmation Objections, and (E) Granting Related Relief (the "Disclosure Statement Order").

D.  Pursuant to the Disclosure Statement Order, the Court approved the Disclosure Statement and scheduled a hearing (the "Confirmation Hearing") on confirmation of the Plan for May 16, 2019.

E.  As evidenced by the relevant certificate of service on file in this case [ECF No. 102], in accordance with the Disclosure Statement Order, on April 10, 2019, counsel for the Debtors caused to be served an information and solicitation package containing a copy or conformed printed version of the following documents: (A) to all of the Debtors' creditors that are entitled to vote (*i.e.*, creditors in Classes 2, 3 and 4): (i) the Disclosure Statement (which includes among other exhibits, a copy of the Plan); (ii) the Disclosure Statement Order; (iii) the notice of the Confirmation Hearing (the foregoing documents, the "Solicitation Package"); and (iv) the applicable ballot; (B) to parties to executory contracts and unexpired leases that have not been assumed or rejected as of the Record Date (as defined in the Disclosure Statement Order), a Solicitation Package; (C) to creditors in Classes 1 and 5 and holders of administrative claims and priority tax claims: (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Plan. Any capitalized term used in the Plan or in this Confirmation Order that is not defined in the Plan or in this Confirmation Order, but that is used in the Bankruptcy Code, or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

Status; and (D) to all other parties included in the Debtors' creditor matrix that do not fall within any of the categories described in subparagraphs "(a)" through "(c)" of this paragraph (which includes all other parties required to be served under Bankruptcy Rules 2002 and 3017), the Confirmation Hearing Notice.

F. On May 10, 2019, the Debtors filed the Certification of Ballots (the "Voting Report").

G. On May 13, 2019, the Debtors filed the Debtors' Amended Joint Chapter 11 Plan of Liquidation, As Modified, reflecting additional modifications to certain provisions of the Plan about which the Court had raised questions at the time the Disclosure Statement was approved.

H. On May 13, 2019, the Debtors caused to be filed the Affidavit of Lars Akerlund (the "Akerlund Affidavit") in support of confirmation of the Plan.

I. The Confirmation Hearing was held on May 16, 2019 at 10:00 a.m.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate; and upon the Court's review of the Voting Report; and upon all of the evidence proffered or adduced and the arguments of counsel made at the Confirmation Hearing, the Akerlund Affidavit, and the entire record of these Chapter 11 Cases; and after due deliberation thereon and good cause appearing therefor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

IT IS HEREBY FOUND AND DETERMINED THAT:

---

[3] The findings and conclusions set forth herein and on the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

3

1. <u>Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408 and 1409)</u>. This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and to enter a final order with respect to such matters.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

3. <u>Transmittal and Mailing of Materials, Notice</u>. The Solicitation Package was transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Disclosure Statement Order was given in compliance with the Disclosure Statement Order, and no other or further notice is or shall be required.

4. <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

    (i) <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates five Classes of Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class. Valid

4

business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications are not done for any improper purpose, and such classification does not unfairly discriminate among holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii) <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that Class 1 under the Plan is unimpaired and that Classes 2, 3, 4, and 5 of the Plan are impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii) <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Section 4 of the Plan designates Classes 2, 3, 4, and 5 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv) <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtors for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v) <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation, including (a) the deemed consolidation of the Debtors for the purposes of voting and Distributions, and (b) the payments to be made under the Plan will be funded by the Available Cash, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi) <u>Charter Provisions (11 U.S.C. § 1123(a)(6))</u>. The Plan does not provide for the charter provisions described in section 1123(a)(6) of the Bankruptcy Code, and thus section 1123(a)(6) is not applicable.

(vii) <u>Selection of Officers and Directors (11 U.S.C. §§ 1123(a)(7) & 1129(a)(5))</u>. No officers and directors will be selected under the Plan or continue to serve in such capacities after the Effective Date. Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code. Additionally, the Plan does not modify the selection of management of each of the Debtors.

(viii) <u>Discretionary Contents of the Plan (11 U.S.C. § 1123(b))</u>. The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code. These Plan provisions are appropriate, in the best interests of the Debtors and their estates, and consistent with the applicable provisions of the Bankruptcy

        Code, including, without limitation, provisions for (a) the assumption or rejection of executory contracts and unexpired leases; and (b) exculpation of various persons and entities. Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

    (ix)    <u>Rule 3016(a) of the Bankruptcy Rules</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

5.    <u>The Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

    (i)    each Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code;

    (ii)    the Debtors have complied with applicable provisions of the Bankruptcy Code; and

    (iii)    the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

6.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation of the Plan. The Chapter 11 Cases were filed with the purpose of reorganizing the Debtors, and the Plan was the result of arms'-length negotiations and reflect a settlement of the disputed issues between the Debtors and their creditors.

7.    <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter

6

11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

8. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. There are no rates applicable to the Debtors' businesses or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in these Chapter 11 Cases.

9. <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>. The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. The Liquidation Analysis contained in the Disclosure Statement reflects, and the Court finds, that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is not less than such holder would receive or retain if the Debtors were liquidated in chapter 7 bankruptcy cases. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

10. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 2 (FA Secured Claim) and Class 3 (SBA Secured Claim) have voted to accept the Plan. Class 4 (General Unsecured Claims) has voted to reject the Plan. Class 1 (Priority Non-Tax Claims) is unimpaired under the Plan and deemed to accept the Plan. Class 5 (Interests) is impaired and deemed to reject the Plan. Because the Plan has not been accepted by Classes 4 and 5, the Debtors sought confirmation under section 1129(b) of the Bankruptcy Code. Thus, although

section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 4 and 5, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 4 and 5 and thus satisfies section 1129(b) of the Bankruptcy Code.

11. <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>. Section 2.2 of the Plan provides that, subject to the provisions of Section 8 of the Plan with respect to Disputed Claims, each Administrative Expense Claim, to the extent not previously paid, shall be paid by the Disbursing Agent in Cash in full on (i) the later of (a) the Effective Date, (b) the date payment of such Claim is due under the terms thereof or applicable law, or (c) three business days after such Claim becomes an Allowed Administrative Claim, or (ii) as may be otherwise agreed in writing between the Debtors and the Holder of such Claim; *provided, however,* that any Administrative Expense Claim incurred by the Debtors in the ordinary course of their business shall be paid in full in accordance with the terms and conditions of the particular transaction giving rise to such Administrative Expense Claim and any agreements relating thereto. Section 2.3 of the Plan provides that each Person seeking an award by the Bankruptcy Court of Professional Fees shall file its final application for approval of its Professional Fees no later than the Administrative Claims Bar Date. Each Holder of an Allowed Claim for Professional Fees shall receive from the Disbursing Agent, in full and final satisfaction of such Allowed Claim, Cash in the amount of such Allowed Claim within three days of the entry of a Final Order allowing such Claim. Section 2.6 of the Plan provides that, subject to the provisions of Section 8 of the Plan with respect to Disputed Claims, each Holder of a Priority Tax Claim shall receive, on the Effective Date, or as soon as practicable after each such Claim becomes an Allowed Claim, payment from the Disbursing Agent, (i) in Cash, in the full amount of its Priority Tax Claim or (ii) as may be otherwise mutually agreed in writing between the Debtor the Holder of such Priority Tax Claim.

8

Thus, the Plan's treatment of Administrative Expense Claims, Priority Tax Claims, and Professional Fee Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

12. <u>Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Class 3 (the SBA Secured Claim), which consists of a single member (the SBA), which is not an insider of any of the Debtors, is impaired and has voted to accept the Plan. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

13. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Debtors have demonstrated that they will have sufficient cash with which to make all of the payments required to be made pursuant to the Plan on the Effective Date. The Disbursing Agent will be able to make all of the payments required pursuant to the Plan and, therefore, confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

14. <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>. All Statutory Fees either have been paid or will be paid on the Effective Date pursuant to Section 2.1 of the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

15. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtors do not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

16. <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. § 1129(b))</u>. Notwithstanding the fact that Class 5 is deemed to reject the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because: (a) Classes 2 and 3

have voted to accept the Plan; and (b) the Plan does not discriminate unfairly and is fair and equitable with respect to Class 4. Thus, the Plan may be confirmed notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code. After entry of the Confirmation Order and upon the Effective Date, the Plan shall be binding upon the members of Class 5, and their interests will be cancelled.

17. <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No other pending plan of reorganization has been filed with respect to the Debtors.

18. <u>No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

19. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based upon the record before the Court, the Debtors solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and they, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

20. <u>Implementation of the Plan</u>. All documents necessary to implement the Plan, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.

21. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over the matters set forth in Section 13 of the Plan and as may be provided elsewhere in this Order.

**DECREES**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:

22. <u>Incorporation</u>.  To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order.

23. <u>Confirmation</u>.  The Plan is hereby approved and confirmed under section 1129 of the Bankruptcy Code.  All objections to the Plan not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety.  The record of the Confirmation Hearing is incorporated herein by reference.  The introductory clause to section 10.2 of the Plan, describing conditions precedent to the Effective Date, shall be modified to strike the language "and the Confirmation Order shall not be entered," so that the modified language shall read:  "The Effective Date shall not occur until each of the following conditions precedent have been satisfied or waived pursuant to the provisions of the Plan."

24. <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.  The provisions of the Plan and this Confirmation Order are non-severable and mutually dependent.

25. <u>Implementation</u>.  The Debtors, the Disbursing Agent and all other relevant parties are hereby authorized, directed and empowered to take such actions as may be necessary to effectuate the Plan.

26. <u>Binding Effect</u>.  Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan and this Order shall be binding on (i) the Debtors; (ii) the Disbursing Agent; and (iii) all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan

and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

27. <u>Exculpation</u>.  The exculpations provided in the Plan are approved.

28. <u>Term of Bankruptcy Injunction or Stays</u>.  Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

29. <u>No Discharge</u>.  Pursuant to section 1141(d)(3) of the Bankruptcy Code confirmation of the Plan pursuant to this Order shall not discharge any of the Debtors.

30. <u>Executory Contracts and Unexpired Leases</u>.

(i) <u>Deemed Rejection of Executory Contracts and Unexpired Leases</u>.  Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, including, but not limited to, the APA, each of the Executory Contracts and Unexpired Leases of the Debtors shall be deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Lease (i) was assumed or rejected previously by the Debtors; (ii) expired or terminated pursuant to its own terms before the Effective Date; or (iii) is the subject of a motion to assume or reject filed on or before the Effective Date.

(ii) <u>Rejection Claims</u>.  If the rejection of an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a Proof of Claim that has been timely filed, shall be forever barred and shall not be enforceable against the Debtors, the Disbursing Agent, or their properties, successors or assigns, unless a Proof of Claim therefore is timely filed with the

Bankruptcy Court and served upon counsel for the Debtors, on or before (x) thirty (30) days after the later to occur of (1) notice of the Effective Date and (2) the date of entry of an order by the Bankruptcy Court authorizing rejection of a particular executory contract or unexpired lease, or (y) such other date as may be ordered by the Bankruptcy Court.

31. <u>General Authorizations</u>.  Pursuant to section 1142(b) of the Bankruptcy Code, the Debtors and the Disbursing Agent are authorized, empowered and directed to (a) execute and deliver any instrument, agreement or document and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized, empowered and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.

32. <u>Administrative Expense Bar Date</u>.  Notwithstanding anything to the contrary in the Plan, to the extent not previously paid, all requests for payment of Administrative Expense Claims (other than with respect to Professional Fee Claims) accruing through the Effective Date and not otherwise paid in the ordinary course of business shall be filed no later than June 14, 2019.

33. <u>Professional Fees Bar Date</u>.  Notwithstanding anything to the contrary in the Plan, all Professional Fee Applications for Professional Fees through the Effective Date, for Allowance on a final basis, shall be filed on or before June 14 , 2019.

34. <u>Retention of Jurisdiction</u>.  Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under the Plan have been made and performed by the Debtors and/or the Disbursing

Agent, the Court shall retain jurisdiction as is legally permissible, including, without limitation, for the following purposes:

(a) allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of Claims;

(b) grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending on or before the Effective Date;

(c) ensure that Distributions to Holders of Allowed Claims and Interests are accomplished pursuant to the provisions hereof;

(d) decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters, including all Causes of Action and objections or estimations to Claims or Interests, and grant or deny any applications involving the Debtors that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by any other entity after the Effective Date; *provided, however*, that the Debtors shall reserve the right to prosecute the Causes of Action in all appropriate jurisdictions;

(e) enter such orders as may be necessary or appropriate to implement or consummate the provisions hereof and of all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Plan or the Disclosure Statement;

(f) resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, or any entity's obligations incurred in connection with the Plan;

(g) issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan, except as otherwise provided herein;

(h) resolve any cases, controversies, suits or disputes with respect to the releases, injunctions and other provisions contained in Section 11 hereof and enter any orders that may be necessary or appropriate to implement such releases, injunctions and other provisions;

(i) enter and implement any orders that are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

    (j)    determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan or the Disclosure Statement;

    (k)    Resolve any issues that arise in connection with Distributions or rights to Distributions under the Plan; and

    (l)    enter an order and/or final decree concluding the Chapter 11 Cases.

35.    <u>Notice of Entry of Confirmation Order</u>.  On or before the tenth (10th) business day following the date of entry of this Order, the Debtors shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the United States Trustee and other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

36.    <u>Confirmation Order Controlling</u>.  If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control.

37.    <u>Order Effective</u>.  Notwithstanding Bankruptcy Rule 3020(e), this Order shall be effective and enforceable immediately upon entry.

38.    <u>Conditions Precedent to Effective Date</u>:  Notwithstanding anything to the contrary set forth in the Plan, the Effective Date shall occur when all of the conditions precedent set forth in Section 10.2 of the Plan have been satisfied or waived by the Debtors.

39.    <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

40.    <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

41. <u>Headings</u>.  Headings utilized herein are for the convenience of reference only, and shall not constitute a part of the Plan or this Order for any other purpose.

Dated:   New York, New York
        May 17, 2019

<u>**s/Michael E. Wiles**</u>
HON. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE